## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

CARLTON WILSON,

      Plaintiff,

v.                               Case No.  5:24-cv-282-MW-MJF

A.R. PENIX, *et al.*,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Carlton Wilson, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint. Doc. 1. The undersigned recommends that this case be dismissed as malicious, under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because Wilson is abusing the judicial process by failing to disclose honestly and accurately his litigation history.

## I.  BACKGROUND

Wilson is a Florida prisoner housed at the Charlotte Correctional Institution. Doc. 1. Wilson's Florida Department of Corrections inmate number is "L36461." *Id*. Wilson is suing three prison officials at the Jackson Correctional Institution. Wilson claims that Defendants violated

Page 1 of 13

Wilson's First and Eighth-Amendment rights by retaliating against Wilson for filing grievances. Specifically, Defendants: (1) sprayed Wilson with a chemical agent on August 7, 2024 and placed him on a 30-hour property restriction, and (2) placed Wilson on a 75-hour property restriction on August 15, 2024. Wilson is seeking compensatory and punitive damages.

## II. DISCUSSION

### A.    <u>Screening of Wilson's Complaint</u>

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a

plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (same), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.**     **Wilson's Reponses to Questions on the Complaint Form**

Wilson provided answers to Section VIII of the civil rights complaint form. Section VIII required Wilson to disclose his litigation history. Doc. 1 at 8-11. The complaint form asks three questions:

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?[1]

B. Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

*Id.* at 9-10. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

In response to the foregoing questions, Wilson responded "No" to each question, and disclosed no cases. *Id.* at 9-11. At the end of the civil rights complaint form, Wilson signed his name after certifying: "I declare

---

[1] The introduction to Section VIII explains the "three strikes rule" of 28 U.S.C. § 1915(g), and defines a "strike" as follows: "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Doc. 1 at 8 (quoting 28 U.S.C. § 1915(g)).

under penalty of perjury that the foregoing (including all continuation pages) is true and correct." Doc. 1 at 11.

Thus, Wilson has stated in effect that at the time he filed this lawsuit, he had not filed any lawsuit in federal court challenging his convictions.

## C.   <u>Wilson's Omissions</u>

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Wilson filed his complaint in this case, he had filed *at least* two other cases that required disclosure. Specifically, on August 22, 2022, Wilson filed a habeas corpus action in the United States District Court for the Southern District of Florida challenging his convictions for sexual battery and lewd and lascivious molestation. *See Wilson v. Fla. Dep't of Corr.*, No. 0:22-cv-61563-RLR (S.D. Fla. Aug. 22, 2022). The case was dismissed on May 9, 2023, because it was barred by the statute of limitations. *See* No. 0:22-cv-61563-RLR (S.D. Fla. May 9, 2023).

In addition, on July 23, 2024, Wilson filed a second habeas corpus action in the Southern District of Florida challenging his convictions. *See Wilson v. State of Florida*, No. 0:24-cv-61315-DSL (S.D. Fla. July 23,

2024). The case was dismissed on July 29, 2024, for lack of jurisdiction. *See* No. 0:24-cv-51315-DSL (S.D. Fla. July 29, 2024).

Each of these federal lawsuits is attributable to Wilson because each bears his FDC inmate number "L36461." Each of these federal lawsuits challenged Wilson's convictions for sexual battery and lewd and lascivious molestation. Therefore, each case was responsive to Question VIII(C) on the complaint form. Wilson did not disclose either case.

Because Wilson failed to disclose these prior lawsuits in his complaint, Wilson violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

## D.  <u>The Materiality of Wilson's Omissions</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Page 6 of 13

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may

require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Wilson falsely responded to a question on the complaint form as detailed above. Wilson knew from reading the complaint form that he was required to disclose all prior federal cases that challenged his conviction. Doc. 1 at 10. Wilson also knew that the penalty for failing to disclose his prior litigation was dismissal of this case. *Id.* at 11 ("***Failure to disclose all prior cases may result in the dismissal of this case.***").

There is no excuse for Wilson's failure to respond truthfully to the question on the complaint form. The question is straightforward and

easily understandable. *See Kendrick*, 2022 WL 2388425, at *2-3 (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint form clearly required disclosure).

Furthermore, it is Wilson's responsibility to ensure that he has a list of his litigation history. *Washington v. Dyas*, 5:22-cv-285-TKW-MJF, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023). If he did not have the information, he could (and should) have requested it from the appropriate clerks' offices before filing a new case. *Id.*; *see* Fed. R. Civ. P. 11(b)(3) (By signing and presenting a pleading to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contention have evidentiary support.") (emphasis added).

A penalty is warranted both to deter Wilson from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

## E.    The Appropriate Sanction is Dismissal

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. Federal courts cannot let false responses go unpunished. If Wilson suffered no penalty for his untruthful response, there would be little or no disincentive for Wilson's attempt to evade or undermine the purpose of the form. *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (dismissing action where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition; "A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

Dismissal without prejudice for maliciousness is an appropriate sanction for Wilson's abuse of the judicial process in not providing the District Court with true statements and responses. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after plaintiff failed to disclose a § 2254 action; noting that the habeas action fell "squarely

within the complaint form's disclosure requirements"); *see also Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

## F.    <u>No Lesser Sanction Would Suffice</u>

No lesser sanction would suffice to deter Wilson's conduct. For example, providing Wilson an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should

have disclosed earlier would serve to overlook his abuse of the judicial process."); *Harris*, 498 F. App'x at 964-65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required"); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022).

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this case without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for maliciousness and abuse of the judicial process.

2.    **DIRECT** the clerk of the court to close this case.

At Panama City, Florida, this 21st day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**